IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| W. DAVID PAXTON,<br><br>  Plaintiff,<br><br>v.<br><br>ANTHEM HEALTH PLANS OF VIRGINIA, INC.<br>t/a ANTHEM BLUE CROSS AND BLUE SHIELD,<br><br>**SERVE:** **C.T. CORPORATION SYSTEM**<br>    **Registered Agent**<br>    **4701 Cox Road**<br>    **Suite 301**<br>    **Glen Allen, VA 23060**<br><br>  Defendant. | Civil Action No. _____ |

## COMPLAINT

The plaintiff, W. David Paxton ("Paxton"), by counsel, files this Complaint against the defendant, Anthem Health Plans of Virginia, Inc. t/a Anthem Blue Cross and Blue Shield ("ANTHEM"), pursuant to the Employment Retirement Income Security Act of 1974, 29 U.S.C. §§ 1001, *et seq.* ("ERISA") and Federal common law and states as follows:

Parties

1. Paxton was, at all times relevant to this action, a citizen and resident of the County of Roanoke, Virginia.

2. ANTHEM is a Virginia corporation in good standing and authorized to do business and doing business in the Commonwealth of Virginia. ANTHEM is the successor to Trigon Insurance Company t/a Trigon Blue Cross Blue Shield.

Jurisdiction

3. Jurisdiction is proper in this Court pursuant to 28 U.S.C. § 1331 in that the action arises under the laws of the United States.

4. Jurisdiction is also proper pursuant to 29 U.S.C. § 1132 which grants jurisdiction over ERISA claims.

5. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 which authorizes that civil actions may be brought in a judicial district in which a substantial part of the acts or omissions giving rise to the claim occurred. The substantial acts or omissions giving rise to this claim occurred in the Western District of Virginia, Roanoke Division.

6. Venue is also conferred upon this Court pursuant to 29 U.S.C. §§ 1132 and 1303 in that ANTHEM's violations of its obligations under ERISA occurred in the Western District of Virginia, Roanoke Division.

7. Paxton has complied with all jurisdictional prerequisites applicable to an ERISA action in that he appealed ANTHEM's denial of his claim for benefits and such appeal was thereafter denied by ANTHEM. Paxton, therefore, has exhausted his administrative remedies under ERISA.

Facts

8. Paxton is and was at all times relevant hereto a participant under a welfare benefit plan, as defined in ERISA, 29 U.S.C. § 1002(1), sponsored by Gentry Locke Rakes & Moore, LLP, providing medical insurance and benefits (the "Plan").

9. ANTHEM, as the successor to Trigon, is the insurance carrier funding and providing the medical insurance benefits provided under the Plan.

10. ANTHEM was delegated, under the terms of the Plan, all plan administration responsibilities of and for the Plan. Among other things, in its capacity as plan administrator,

ANTHEM prepared and promulgated the Plan's summary plan description ("SPD") describing Plan coverage and benefit terms to participants, including Paxton, and their covered family members. A true and correct copy of the SPD in place as of December 2002 is attached hereto as **EXHIBIT A**.

11. ANTHEM pays benefits under the Plan and acts as plan administrator of and for the Plan. ANTHEM thereby acts under a conflict of interest subjecting its Plan administration decisions, including its interpretation of the Plan and the Plan's SPD and its decision to deny Paxton's claim for benefits, to a heightened standard of review.

12. The Plan was in full force and effect in December 2002.

13. Beginning in December 2002 and continuing until February, 2003, Paxton's daughter required intensive medical treatment at an in-patient facility in another state which was not part of the ANTHEM network of medical providers. Paxton's daughter was a patient at this "out-of-network" facility for approximately six (6) weeks for medical treatment. The costs associated with the treatment were approximately $65,000.

14. Paxton paid 100% of the costs of his daughter's medical care and then sought reimbursement from ANTHEM under the terms of the Plan, specifically the family coverage component of the Plan under which Paxton's daughter was insured. Initially, ANTHEM contested the "medical necessity" of this care and denied any reimbursement. Paxton challenged that determination and ANTHEM reversed its position, finally agreeing that the entire period of his daughter's stay at the facility was medically necessary.

15. Under the terms of the Plan, as communicated in the Plan's SPD, Paxton was entitled to be reimbursed all but $3,750 of the entire cost (again, more than $65,000) of his daughter's hospitalization. The $3,750 figure was the cap on deductibles and other out-of-pocket expenses in any one calendar year for an individual (including covered family members)

receiving care from an "out-of-network" provider under the terms of the Plan, as communicated in the Plan's SPD.

16. Instead of being reimbursed the amount required by the terms of the Plan and the Plan's SPD, ANTHEM reimbursed Paxton only approximately $32,000 and argued that the out-of-network annual limitation did not apply because all of the charges associated with the facility at which his daughter received treatment were not subject to this out-of-network cap.

17. ANTHEM's decision to deny Paxton the reimbursement benefits was and is contrary to the terms of the Plan, as communicated by the SPD, and was and is an abuse of discretion.

18. ANTHEM improperly denied Paxton's claim for benefits initially and again following Paxton's administrative appeal of the initial denial.

19. At all times, Paxton has followed all internal Plan procedures for the reimbursement process and the administrative review and appeal of the denial of benefits. Notwithstanding the same, ANTHEM has denied Paxton benefits to which he is entitled under the Plan.

## COUNT I
## DENIAL OF BENEFITS CLAIM / ERISA VIOLATION

20. Paxton incorporates all prior paragraphs herein.

21. ANTHEM has denied Paxton medical insurance benefits in the form of reimbursement of all but $3,750 of his daughter's hospitalization costs to which he is entitled under the terms of the Plan, as communicated by the SPD.

22. ANTHEM's denial of such medical insurance / reimbursement benefits to Paxton constitutes a violation of ERISA, 29 U.S.C. § 1132.

23. ANTHEM's denial of Plan benefits to Paxton was inconsistent with the terms of the Plan, as communicated in the Plan's SPD, was based on a misreading of the relevant terms of

the Plan, as communicated in the Plan's SPD, and was, therefore, an abuse of discretion and a violation of ERISA, 29 U.S.C. § 1132.

24.  As a direct and proximate result of ANTHEM's actions, Paxton has been denied benefits to which he is entitled.

## COUNT II
## ESTOPPEL CLAIM UNDER FEDERAL COMMON LAW

25.  Paxton incorporates all prior paragraphs herein.

26.  ANTHEM prepared and promulgated the Plan's SPD to Plan participants and their covered family members, including Paxton and those members of his family participating in the family coverage component of the Plan.

27.  The Plan's SPD expressly provides that $3,750 is the most a Plan participant, such as Paxton or his covered family members, will pay in deductibles and other out-of-pocket expenses for covered medical services in any one calendar year at an out-of-network facility.

28.  This statement, made by ANTHEM in the SPD, was a misrepresentation of material fact.

29.  ANTHEM either intended that the misrepresentation would be relied on by Plan participants, including Paxton, or had reason to believe that Plan participants, including Paxton, would rely on it.

30.  Paxton did not know, nor should he have known, the facts concerning the costs and amounts of the out-of-network deductibles and other out-of-pocket expenses, absent the material misrepresentation contained in the SPD.

31.  Paxton reasonably and detrimentally relied on the misrepresentation.

32.  ANTHEM, therefore, is estopped from benefiting from its own misleading representation made in the SPD concerning the out-of-network annual limitation on deductibles and other out-of-pocket expenses. Paxton is entitled to enforce the terms of the SPD which state

that the most a Plan participant or covered family member will pay for deductibles and other out-of-pocket expenses for covered medical services in any one calendar year at an out-of-network facility is $3,750.

33.     Paxton is entitled to the medical insurance / reimbursement benefits he has been wrongly denied.

## COUNT III
## BREACH OF FIDUCIARY DUTY

34.     Paxton incorporates all prior paragraphs herein.

35.     ANTHEM was and is a fiduciary of the Plan with discretion conferred upon it to interpret and administer the Plan, including with respect to determining benefit eligibility for participants, including Paxton and his covered family members.

36.     In denying Plan benefits to Paxton, ANTHEM breached its fiduciary duty to him, a Plan participant.

37.     Paxton has been injured as a direct and proximate result of ANTHEM'S breach of fiduciary duty.

## PRAYER FOR RELIEF

WHEREFORE, Paxton demands judgment against ANTHEM and the following relief, as follows:

1.      An award of benefits in his favor of the type and in the amount due under the Plan, or as otherwise required under the terms of the Plan, which are valued at approximately $29,250;

2.      A declaration of his rights and benefits due under the Plan;

3.      An award of pre-judgment and post-judgment interest;

4. An award of his reasonable costs and fees, including attorney's fees, incurred in this action;

5. An award of such further relief as the Court may deem appropriate.

**W. DAVID PAXTON**


/s/   Kevin W. Holt             .


Kevin W. Holt (VSB No. 42866)
GENTRY LOCKE RAKES & MOORE
10 Franklin Road, SE
P.O. Box 40013
Roanoke, Virginia  24022-0013
Telephone: (540) 983-9300
Facsimile:  (540) 983-9400

*Counsel for Plaintiff*