CLERK'S OFFICE U.S. DIST COURT
AT ROANOKE, VA
FILED

MAY 24 2007

JOHN F. CORCORAN, CLERK
BY: /s/ L. Brush
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| W. DAVID PAXTON, | ) | |
| | ) | Civil Action No. 7:06-CV-00152 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| ANTHEM HEALTH PLANS OF | ) | |
| VIRGINIA, INC., | ) | |
| t/a ANTHEM BLUE CROSS AND | ) | |
| BLUE SHIELD, | ) | |
| | ) | By: Hon. James C. Turk |
| Defendant. | ) | Senior United States District Judge |

The above-captioned matter concerns a three-count Complaint brought under the Employee Retirement Income Security Act of 1974, 29 U.S.C. §§ 1001–1461 ("ERISA"). Defendant, Anthem Health Plans of Virginia, Inc., has filed a motion under Rule 12(b)(6) of the Federal Rules of Civil Procedure, claiming that each count fails to state a claim upon which relief can be granted and should therefore be dismissed. Having considered Defendant's motion together with the briefs and oral arguments of both parties, the court concludes that Counts II and III of the Complaint should be dismissed, while Count I should not. Accordingly, the court will grant Defendant's motion in part and deny it in part.

I.

For purposes of this Motion to Dismiss, the court accepts as true all well-pleaded allegations and views the Complaint in a light most favorable to Plaintiff. Franks v. Ross, 313 F.3d 184, 192 (4th Cir. 2002). According to the Complaint, Plaintiff, W. David Paxton, is a participant in a medical insurance and benefit plan—an "employee welfare benefit plan" under ERISA—sponsored by his employer, Gentry Locke Rakes & Moore, LLP. Defendant is designated as the plan's administrator, and is responsible for paying benefits under the plan.

From December of 2002 until February of 2003, Plaintiff's daughter underwent medical treatment at an in-patient medical facility in Arizona which was not part of Defendant's healthcare network. Plaintiff incurred approximately $65,000 in costs associated with the treatment. He paid 100% of these costs out of pocket, and sought reimbursement from Defendant. Defendant paid $32,000.

Plaintiff brought the instant action seeking $29,250—the amount paid but not reimbursed minus the $3,750 cap the plan establishes on certain deductibles and other out of pocket expenses—as well as costs and attorney's fees. His Complaint includes three Counts, in which he alleges 1) denial of plan benefits, 2) estoppel, and 3) breach of fiduciary duty, respectively.

## II.

Defendant claims that the terms of the plan preclude Plaintiff from obtaining relief on his denial of benefits claim. "[A] complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45–46 (1957). Attached to the Complaint as "Exhibit A" is the "Summary Plan Description" ("SPD") for the plan in which Plaintiff participates. The court considers this document as part of the Complaint. See Fed. R. Civ. P. 10(c); Sec'y of State for Def. v. Trimble Navigation Ltd., No. 06-1062, 2007 WL 1366060 at *3 (4th Cir. May 10, 2007). The SPD is the statutorily established means of informing plan participants of the terms of the plan and its benefits, and the employee's primary source of information regarding employment benefits. Pierce v. Sec. Trust Life Ins. Co., 979 F.2d 23, 27 (4th Cir. 1992). Its language is potentially dispositive in this case because "under controlling precedent in [the Fourth] Circuit, representations in an SPD control over inconsistent provisions in an official plan document." Aiken v. Policy Mgmt. Sys. Corp., 13 F.3d 138 (4th

Cir. 1993).

Initially, the parties dispute how much of Exhibit A constitutes the SPD. By brief and oral argument, Plaintiff takes the position that only four pages of the 71 page booklet—those under the heading "Summary of Benefits"—comprise the SPD. Defendant argues that the entire booklet is the SPD. Defendant is correct for several reasons. First, the "Summary of Benefits" section, standing alone, falls far short of fulfilling the statutory requirements for an SPD.[1] Second, nothing about the "Summary of Benefits" section suggests that it can reasonably be read separately from the rest of the document in which it is published. The section is physically included inside the booklet, and virtually every line in the section refers to another page elsewhere in the booklet. Third, Plaintiff's argument is inconsistent with the Complaint, which expressly holds out Exhibit A as "[a] true and correct copy of the SPD in place as of December 2002" without qualification. (Compl. 3.) Nowhere does the Complaint suggest that anything less than the entirety of Exhibit A is the SPD. See Kolupa v. Roselle Park Dist., 438 F.3d 713, 715 (7th Cir. 2006) ("A plaintiff pleads himself out of court when it would be necessary to contradict the complaint in order to prevail on the merits."). The court, therefore, considers the entire booklet attached to the Complaint as Exhibit A to be the SPD.

According to the Complaint, the language of the SPD establishes an annual limit of $3,570 on a plan participant's out-of-pocket expenses for health care services that a plan

---

[1] 29 U.S.C. § 1022 requires an SPD to contain, among other things, explanations of plan provisions governing 1) events that would terminate a participant's eligibility, 2) benefits available after various transactions and a participant's payment options, 3) the plan's claims procedures, 4) the remedies available to redress claim denials. See id. at 1022(b); Antolik v. Saks, Inc., 463 F.3d 796, 801 (8th Cir. 2006). The four pages identified by Plaintiff contain virtually none of this information. Nor do they include the twenty-one items that 29 C.F.R. § 2520.102-3 requires an SPD to contain.

-3-

beneficiary receives from providers and facilities that are not part of Defendant's healthcare network. Accordingly, the Complaint alleges that Plaintiff is entitled to reimbursement of all of the costs that he incurred in excess of $3,750.

Interpretation of plan provisions is left in the first instance to Defendant because the plan designates it as the plan administrator and gives it discretion to determine eligibility for benefits. The court generally will not disturb the administrator's determination absent an abuse of discretion. Eckelberry v. Reliastar Life Ins. Co., 469 F.3d 340, 343 (4th Cir. 2006).[2] In this case, however, Defendant also pays benefits under the plan. This creates a potential conflict of interest, and the court, therefore, employs "a more searching review; the deference due the plan administrator is lessened to the degree necessary to neutralize any untoward influence resulting from the conflict." Id. (quotations omitted).

Defendant points to page 36 of Plaintiff's "Exhibit A," which says:

> The following amounts do not count toward your out-of-pocket expense limit, and you will always be responsible for these expenses, regardless of whether you have met your out-of-pocket expense limit . . . .

(Compl. Ex. A. at 36.) What follows is a list that includes, among other things, "deductibles, copayments, and coinsurance for care received in a facility that does not participate in a Trigon or Blue Cross Blue Shield Company's Network . . . ." (Compl. Ex. A at 36.) The Complaint expressly recognizes that Plaintiff's daughter's treatment was received "at an in-patient facility in another state which was not part of the Anthem network of medical providers." (Compl. 3.) Defendant argues that because the SPD expressly states that the $3,750 cap does not apply to expenses associated with out-of-network facilities, and Plaintiff admits that the treatment at issue

---

[2] "Under this standard, [courts] do not search for the best interpretation of a plan or even one [the court] might independently adopt. Rather, when reviewing a plan administrator's decision, a court will not disturb any reasonable interpretation." Eckelberry 469 F.3d at 343.

occurred in an out-of-network facility, Plaintiff's expenses are not subject to the cap; therefore Plaintiff is not entitled to reimbursement.

Defendant is correct to focus on the words of the SPD, as "the plain language is paramount" under the federal common law principles that guide the interpretation of benefit provisions of ERISA-regulated insurance plans. Eckelberry v. Reliastar Life Ins. Co., 469 F.3d 340, 343 (4th Cir. 2006). However, immediately preceding the language that excludes out-of-network facility expenses from the $3,750 limit, the SPD contains a paragraph that expressly subjects out-of-network provider expenses to the limit. It says:

> Deductibles and coinsurance for covered services by providers who are not part of your KeyCare PPO Network, count toward your out-of-network, out-of-pocket expense limit. If you reach your out-of-network, out-of-pocket expense limit, you will no longer pay coinsurance for out-of-network services for the rest of the calendar year.

(Compl. Exh. A at 35.) The SPD thus contemplates that provider expenses will be separate from facility expenses, and subjects each to separate terms. A participant's out-of-network provider expenses are subject to a $3,750 cap, while a participant's out-of-network facility expenses are not. To the extent Defendant denied Plaintiff's request for reimbursement of provider expenses that Plaintiff paid in excess of the $3,750 limit, it abused it's discretion. See Dewitt v. Penn-Del Directory Corp., 106 F.3d 514, 520 (3d Cir. 1997) ("A plan administrator may have discretion when interpreting the terms of the plan; however, the interpretation may not controvert the plain language of the document.").

Furthermore, although the SPD does not subject expenses associated with out-of-network facilities to a cap, it does not require Plaintiff to pay all of these expenses. Rather, Plaintiff is responsible only for "deductibles, copayments, and coinsurance . . . ." (Compl. Ex. A. at 36.) Therefore, considering the Complaint in the light most favorable to Plaintiff, he is entitled to

reimbursement of the provider expenses he paid in excess of $3,750. He is also entitled to reimbursement of the facility expenses he paid other than deductibles, copayments, and coinsurance. To the extent he can prove that these combined amounts exceed the $32,000 that he has already received from Defendant, Plaintiff is entitled to relief. See 29 U.S.C. § 1132(a)(1)(B) (empowering a plan participant or beneficiary "to recover benefits due to him under the terms of his plan"). The court will therefore deny Defendant's motion with respect to Count I of the Complaint.

## II.

Plaintiff alleges in Count 2 of his Complaint that "the SPD expressly provides that $3,750 is the most a Plan participant, such as Paxton or his covered family members, will pay in deductibles and other out-of-pocket expenses for covered medical services in any one calendar year at an out-of-network facility." (Compl. 5.) He further alleges that this is a "misrepresentation of material fact," and that Defendant "is estopped from benefiting from its own misleading representation . . . ." (Compl. 5.)

Although styled as an "estoppel" claim, the only representations at issue are those appearing in the SPD itself. Plaintiff's right to relief under this count therefore depends exclusively on the determination whether he is entitled to benefits under the terms of the plan. A cause of action for this kind of claim is expressly provided by 29 U.S.C. § 1132(a)(1)(B). A federal common law remedy is therefore not available. See Rego v. Westvaco Corp., 319 F.3d 140, 148–49 (4th Cir. 2003). Defendant's Motion to Dismiss will therefore be granted with respect to Count II of the Complaint.

## III.

In Count III of his Complaint, Plaintiff alleges that "[i]n denying Plan benefits to

[Plaintiff], [Defendant] breached its fiduciary duty to him, a Plan participant." (Compl. 6.) Although 29 U.S.C. § 1132(a)(3) provides a cause of action for breach of fiduciary duty, the allegedly wrongful act is the denial of benefits for which ERISA provides a cause of action under 29 U.S.C. § 1132(a)(1), addressed in Count I of the Complaint. The "Plaintiff is precluded from using § 1132(a)(3) for allegedly wrongful actions addressable under § 1132(a)(1)." Moore v. Lafayette Life Ins. Co., 458 F.3d 416, 428 (6th Cir. 2006). Accordingly, Defendant's motion to dismiss will be granted with respect to Count III.

### IV.

For the foregoing reasons, the court will grant Defendant's Motion to Dismiss in part, and deny the same in part.

The Clerk of Court is directed to send certified copies of this Memorandum Opinion to all counsel of record.

ENTER: This 24th day of May, 2007.

*James C. Turk*
SENIOR UNITED STATES DISTRICT JUDGE